# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BARBARA JEAN SMITH,

        Plaintiff,

v.                                                       No. CIV 05-203 WJ/LFG

THE CITY OF ALBUQUERQUE,
et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on Defendants' Motion to Compel Psychological Examination Pursuant to Rule 35 and for Extension of the Pre-Trial Expert Deadline, filed May 5, 2005. [Doc. Nos. 17, 18.] Plaintiff Barbara Jean Smith ("Plaintiff" or "Smith") filed a response in opposition. [Doc. Nos. 19, 20.] No reply was filed, nor is one necessary.

THIS MATTER also is before the Court on Smith's unopposed Motion for Extension of Time to Submit Expert Witness Rule 26 Report, filed June 10, 2005. [Doc. No. 23.]

### Background

The parties' Initial Pre-Trial Report describes the case in the following fashion:

> This matter arises from a Complaint filed by Plaintiff wherein she alleges that this action is brought pursuant to the Fourteenth Amendment to the Constitution of the United States, and 42 U.S.C. § 1983, the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, and

1

to remedy wrongdoing under New Mexico state law, seeking injunctive relief and damages as set forth herein.

[Doc. No. 16.]

More specifically, Plaintiff claims that, as a result of Defendants' actions, she suffered "severe emotional distress, embarrassment and humiliation and that she incurred medical expenses for treatment of the emotional distress, embarrassment and humiliation." [Complaint, ¶¶ 107, 115, 130.] Smith seeks damages for "severe emotional distress," the resultant physical symptoms, and the loss of overtime pay. [Complaint, Prayer for Relief, ¶ C.]

Contending that Plaintiff's mental and emotional condition was at issue by virtue of the claim for emotional harm, Defendants arranged to have an independent psychological evaluation undertaken by Anne Rose, Ph.D., an independent clinical psychologist.[1] Despite the allegations in her Complaint, Smith contends that she should not be subject to an intrusive Rule 35 evaluation because her claims for damages fall into the "garden-variety" category and therefore, good cause has not been shown under Schlagenhauf v. Holder, 379 U.S. 104, 85 S. Ct. 234 (1964).

## Analysis

**I.** **Rule 35(a) Examination:**

Rule 35 of the Federal Rules of Civil Procedure states in pertinent part:

> When the mental or physical condition . . . of a party . . ., is in controversy, the court . . . may order the party to submit to a physical

---

[1] For more than 25 years, Dr. Rose has maintained an independent private practice with emphasis in forensic psychology. She has a B.A. from the University of Michigan (1964), a M.A. in guidance and counseling from Wayne State University (1970), a M.A. in clinical psychology from the Fielding Institute (1980), as well as a Ph.D. in clinical psychology from the Fielding Institute (1980). She is a member of the New Mexico Psychological Association, the American Psychological Association (Psychology - Law Division), and the American Board of Medical Psychotherapists. She belongs to numerous professional associations and has extensive experience as a psychologist, therapist and counselor. She has qualified to testify in state and federal courts on numerous occasions and her curriculum vitae lists upwards of fifty cases since 1999 in which she has testified.

> or mental examination by a suitably licensed or certified examiner . . . . The order may be made only on motion for good cause shown and upon notice to the person examined and all parties and shall specify the time, place, manner, conditions and scope of the examination . . . .

Fed. R. Civ. P. 35(a). When a request for a Rule 35 evaluation is contested, the motion is addressed to the trial court's sound discretion. Stuart v. Burford, 42 F.R.D. 591, 592 (N.D. Okla. 1967).

In Schlagenhauf, the United States Supreme Court held that Rule 35(a) requires the parties seeking an examination to show that the mental condition of the party whose examination is sought is in controversy and that good cause exists for the examination. Schlagenhauf, 379 U.S. at 111.

> '[M]erely conclusory allegations of the pleadings' or 'mere relevance to the case' will not suffice. Rather, the moving party must make an 'affirmative showing that . . . [the] condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering [the] particular examination.' The moving party must 'produce sufficient information, by whatever means, so that the district judge can fulfill his function as mandated by the Rule.'

Hodges v. Keane, 145 F.R.D. 332, 334 (S.D.N.Y. 1993) (internal citations omitted).

Only a minority of courts have held that a plaintiff puts her mental condition "in controversy" by simply making a claim for emotional distress damages as part of an employment discrimination claim. See Fox v. Gates, 179 F.R.D. 303, 307 (D. Colo. 1998). The majority of courts have found that a Rule 35(a) exam is warranted when there is a claim for emotional distress damages and one or more of the following factors is present:

> (1) a tort claim is asserted for intentional or negligent emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder is made; (3) a claim of unusually severe emotional distress is made; (4) plaintiff intends to offer expert testimony in support of claim for emotional distress damages; and/or (5) plaintiff concedes that her mental condition is in controversy within the meaning of Rule 35.

3

Fox, 179 F.R.D. at 307.

A Rule 35(a) examination, however, is not warranted when a plaintiff makes a claim for garden-variety[2] emotional distress that attempts to recover for nothing more than generalized insult, hurt feelings, lingering resentment or embarrassment. Thiessen v. General Electric Capital Corp., 178 F.R.D. 568, 569 (D. Kan. 1998). "Garden-variety emotional distress is that which [is] simple or usual. In contrast, emotional distress that is not garden-variety may be complex, such as that resulting in a specific psychiatric disorder or may be unusual, such as to disable one from working." Ruhlmann v. Ulster County Dep't of Social Services, 194 F.R.D. 445, 449 n. 6 (N.D.N.Y. 2000); Jessamy v. Ehren, et al., 153 F. Supp. 2d 398, 401 (S.D.N.Y. 2001). *See also* Thiessen, 178 F.R.D. at 569, and Epstein v. Kalvin-Miller Int'l, Inc., 139 F. Supp. 2d 469, 479 (S.D.N.Y. 2001) ("garden variety emotional distress claim is one that did not require medical treatment"). Stated differently, where a plaintiff "asserts more particularized mental or emotional consequences, such as specific injuries that [she] claimed were caused by defendants' conduct, a Rule 35(a) examination is warranted." Id.

Here, Plaintiff does far more than ask for damages relating to generalized insult, hurt feelings or lingering resentment. Plaintiff herself characterized her claims as "severe emotional distress . . . ." She contends that as a result of Defendants' conduct she incurred medical expenses for treatment of emotional distress, embarrassment and humiliation. Smith also claims that she lost time from work as a result of her "severe emotional distress, the resultant physical symptoms and the loss of overtime

---

[2]"Garden-variety" means ordinary and commonplace. Webster's New World Dictionary, 65 (3rd College Ed. 1988).

4

pay." [Complaint, Prayer for Relief, ¶C.] These allegations are inconsistent with Plaintiff's argument that her claims are nothing more than "garden-variety."

Thus, Smith's allegations in her Complaint indicate that her condition is "severe;" she lost weeks of work due to the severity of her condition; she sought and received medical treatment for her condition. It is true that Smith did not set forth a specific diagnosis for her condition. However, based on her allegations that she lost weeks of work and incurred medical expenses, one could surmise that Smith would have a diagnosable condition and indeed, a fairly specific, and pointed and serious condition. *Cf.* Fox, 179 F.R.D. at 307 (finding that asserted emotional distress damages were garden-variety).

Smith's characterization of her damages as "mere garden-variety" claims arose only after Defendants sought a Rule 35 evaluation and is unpersuasive. Moreover, her allegation that she incurred medical expenses as a result of her severe emotional distress, belies her claim that suffered ordinary, commonplace emotional distress. In addition, the fact that Smith switched gears after receiving a request for an evaluation does not decide this matter because her allegations of severe emotional distress, loss of work, humiliation and embarrassment simply do not fit the definition of "garden-variety" damages.

Similarly, Smith's decision not to call a doctor as an expert or to present expert testimony relating to her emotional distress claim does not protect the requested information from discovery. While it is clear that Smith may elect to establish her alleged damages through lay testimony, the issue "is not how [Smith] intend[s] to prove [her] emotional damages, but, rather, [Defendants'] right to defend against [Smith's] claims. How the plaintiffs decide to prosecute their claims is a tactical decision for them alone. Sanchez v. U.S. Airways, Inc., 202 F.R.D. 131, 136 n.7 (E.D. Pa. 2001).

5

*See also* Thiessen, 178 F.R.D. at 571 (Rule 35 examination not precluded merely because of the plaintiff's decision not to present an expert or medical testimony regarding the plaintiff's emotional distress claim); Garrett v. Sprint PCS, 2002 WL 181364 at *2 (D. Kan. Jan. 31, 2002) (fact that plaintiff did not intend to present expert did not reduce relevancy of requested medical information). In other words, Smith's strategic litigation decisions do not control. Defendants are free to prepare their defense as they deem fit and explore whether other explanations exist for Smith's injuries. Defendants are entitled to explore Smith's claims and to determine their validity.

This case is similar to Pugach v. State of New Mexico, et al., CIV No. 99-559 JP/LFG, slip opinion at *2 (D.N.M. Dec. 22, 1999) [Doc. 41], where the Court permitted Defendants to conduct a Rule 35 examination of the plaintiff. In Pugach, the plaintiff initially designated an expert witness but then sought to withdraw the designation and also stated that she was not going to testify that she suffered unusually severe emotional distress and would not offer expert testimony. However, in comparing her statement to the allegations in the complaint, the court concluded that the plaintiff's assertion of garden-variety damages was inconsistent with her specific allegations. In so holding, the court further reasoned:

> [T]here would be nothing to prevent her [Pugach] from arguing to the jury the seriousness of her condition or asking the jury to generously compensate her for humiliation, pain, suffering, emotional trauma and injury which she allegedly suffered . . . . By altering her trial strategy, Pugach now seeks to deny Defendants their right to scrutinize her claims. . . . This would be unfair.

CIV No. 99-559 at ** 5-6.

So, too, in this case. It would be unfair to preclude Defendants from exploring Smith's prior medical history. Smith has denied Defendants the very information which they need to corroborate

6

or refute her allegations of severe emotional distress. Defendants are permitted to inquire into the existence of certain stress factors that may have pre-dated the incident at issue, and whether such factors unrelated to this litigation might support or refute Smith's claims of severe emotional distress. The evidence may show, for example, that contrary to allegations that Smith was not treated for severe emotional distress. So, too, the evidence could show that Smith's present emotional or psychological condition is attributable to factors and life stressors unrelated to incidents occurring while she worked at the City of Albuquerque. *See* Fox, 179 F.R.D. at 306 (medical records of the plaintiff were relevant to whether the emotional distress the plaintiff claimed to have suffered as a result of the defendants' conduct could be attributed in whole, or in part, to some other stressor in her life).

The Court agrees with Smith that the mere filing of a lawsuit alleging emotional harm does not put her emotional condition at issue, *see* Truong v. Smith, 183 F.R.D. 273, 276 (D. Colo. 1998). Smith, however, has done significantly more than merely allege commonplace or general emotional harm. Similar to the plaintiff in Thiessen, Smith's claims go far beyond mere "garden-variety claims for emotional distress" because she "identified specific injuries which [she] claims were caused, at least in part, by Defendants' actions. Thiessen, 178 F.R.D. at 569.

The Court further recognizes that Smith has not alleged a claim for negligent or intentional infliction of emotional distress. *See* Fox, 179 F.R.D. at 307 (including this factor as one of five to consider in determining the appropriateness of a Rule 35(a) exam). But, even if Smith had attempted to allege a claim of negligent or intentional infliction of emotional distress, the New Mexico Tort Claims Act would have barred the claim. The Court finds that some of the factors articulated under Fox v. Gates are present here and that it would be unfair to deprive Defendants of an opportunity to

conduct an evaluation to determine if there is factual support for Smith's allegations of severe emotional distress. *See* Fox, 179 F.R.D. at 307 (mental exam warranted when *one or more* of the five factors listed *supra* are present). Thus, the Court will grant Defendants' request to conduct a Rule 35 independent psychological evaluation.

In arranging the Rule 35 evaluation of Smith, Defendants should consult with opposing counsel for a mutually convenient time. In the event that the parties are unable to agree, Defendants may set the Rule 35 evaluation, and the Court will consider any further requests for protective orders regarding the date, time and place of the evaluation.

## II.     Mandatory Rule 26(d) Disclosures:

The District of New Mexico's local rules, specifically 26.3(d) provide that when a plaintiff makes claims for physical, mental or emotional injury, the plaintiff is required to provide defendant with a five-year treatment history, identifying by name, address and telephone number each and every health care provider which the plaintiff has seen for any reason, and to execute appropriate HIPAA compliant medical release forms. D.N.M. LR-Civ 26.3(d). Notwithstanding that requirement, Smith failed to provide Defendants with information necessary concerning her health care providers and failed to authorize release of information.

In reference to the Local Rule 26.3(d) mandatory disclosure requirement, Plaintiff states that no request for information was presented. Smith's counsel is reminded that no request need be presented. These are "automatic disclosures" under the District's local rule and Plaintiff is required to make these disclosures without the need for opposing counsel to request the information. As Plaintiff has failed to comply, she is directed to make the mandatory disclosures within ten days after

entry of this Order, or face imposition of sanctions, including dismissal of certain damage claims due to Plaintiff's non-compliance.

### III.     Extension of Pre-Trial Deadlines:

By virtue of the Court's ruling, the Court will extend Defendants' expert disclosure date. The Rule 35 evaluation should occur no later than within the next 30 days. New case deadlines are adjusted to reflect the following dates. The December 14, 2005 pre-trial conference and January 9, 2006 trial setting will remain as scheduled.

### Amended Deadlines

| | |
|---|---|
| **Discovery Deadline:** | **September 14, 2005** |
| **Discovery Motions:** | **October 4, 2005** |
| **Plaintiff's Expert Report:** | **June 27, 2005** |
| **Defense Expert Report:** | **August 29, 2005** |
| **Pre-Trial Motions:** | **October 12, 2005** |
| **Plaintiff's PTO:** | **November 30, 2005** |
| **Defendants' PTO:** | **December 12, 2005** |

IT IS THEREFORE ORDERED THAT Defendants' Motion to Compel Psychological Examination Pursuant to Rule 35 and for Extension of the Pre-Trial Expert Deadline [Doc. No. 17] is GRANTED as further described herein.

IT IS FURTHER ORDERED that Plaintiff's unopposed motion to extend deadline for submitting her expert report [Doc. No. 23] is GRANTED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge