IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA JEAN SMITH,

        Plaintiff,

v.                                                        No. CIV 05-203 WJ/LFG

CITY OF ALBUQUERQUE, a
New Mexico Municipality, and
JAMES MOORE and MILLIE
SANTILLANES, in their individual
and official capacities,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

### **Introduction**

THIS MATTER is before the Court on Plaintiff Barbara Jean Smith's ("Smith") Motion to Compel Discovery under Rule 37, filed February 24, 2006. [Doc. No. 62.] The motion is fully briefed and ready for resolution. [Doc. Nos. 68, 75.] For the reasons explained below, the motion is denied.

### **Procedural Background**

On January 28, 2005, Smith filed a complaint for damages against Defendants in state court. [Doc. No. 1, Ex. A.] On February 23, 2005, Defendants removed the case to federal court based on federal question jurisdiction. [Doc. No. 1.] The parties have engaged in discovery, with the discovery period having closed on January 16, 2006. [Doc. No. 36.] Pre-trial deadlines were extended by the Court. Thus, the parties' deadline for completing briefing on dispositive pre-trial

1

motions was March 23, 2006. Defendants' pending motion for summary judgment was fully briefed as of March 23, 2006. [Doc. No. 74.] The case is set for trial on July 5, 2006.

On February 24, 2006, Smith electronically filed the present motion to compel discovery, seeking certain computer records and electronic mail from Defendants. [Doc. No. 62.] Smith initially requested these documents through written discovery requests, served on Defendants in June 2005. [Doc. No. 22.] In their July 2005 written responses to Smith's discovery requests, Defendants did not object, but noted that Smith could review the requested records by making an appointment with defense counsel's paralegal. [Doc. Nos. 29, 62, Ex. 1, p. 1.] According to Defendants' paralegal, Smith did not attempt to view the requested information until the end of December 2005. [Doc. No. 68, Affidavit of Theresa Armstrong, at ¶ 3.] According to Plaintiff's counsel's unsworn argument, counsel "made every effort to coordinate with Defendants for production of the requested information" but did not gain access to the computers at issue until February 2006. [Doc. No. 62, ¶¶ 3, 4, 6.]

It turns out that some of the requested computerized information, including some email communications, was not available because of the City's retention policy. The City states that its "user email databases are automatically purged on a monthly basis, of messages that are older than 180 days that still reside in the user's inbox . . . ." [Doc. No. 68, Affidavit of Daniel T. Jones, at ¶ 6.] Smith argues that she did not know of any potential issue regarding storage or possible deletion of the requested materials until early February 2006 when she was finally granted access to the computers at issue. Thus, she asserts that this motion to compel is timely because she filed it on February 23, 2006, within two weeks of discovering that the City had purged some of the requested information.

Smith also asserts that it is not credible that a municipality the size of Albuquerque would routinely delete electronic mail every six months because of a lack of electronic storage. Moreover, Smith argues such a policy is "prima facie evidence of gross negligence and grounds for injunctive relief." [Doc. No. 62, ¶ 18.] In her motion to compel, Smith indicates that she now intends to file a motion to amend her complaint to include injunctive relief, but not until she received Defendants' motion for summary judgment (which is now pending before the presiding judge). [Doc. No. 62, ¶ 25.]

On February 28, 2006, without awaiting Defendants' response, the undersigned judge initially denied Smith's motion to compel as untimely. [Doc. No. 63.] The deadline for filing such motions was February 23, 2006, and Smith filed the motion by electronic transmission before 8 a.m. on February 24, 2006. Smith submitted a motion to reconsider the Court's denial of the motion based on the Court's local rule permitting the electronic filing of a motion before 8 a.m. to be docketed on the day before, i.e., in this case, on February 23rd. Thus, Smith's motion was timely filed in accordance the Court's local rule. D.N.M. LR-Civ 5.5(a). The Court granted Smith's motion to reconsider and permitted further briefing of the motion to compel.

Defendants responded to the motion to compel by arguing that it should be denied for a number of reasons: (1) there is no additional responsive information to produce to Smith; (2) Smith did not attempt to resolve this motion short of pleading practice after learning on February 8, 2006 that the City had no additional responsive information; and (2) the motion is untimely based on Defendants' affidavit testimony that Smith made no effort to review the information until many months after Defendants' July 2005 response to the document request.

In her reply brief [Doc. No. 75], Smith concedes that Defendants cannot produce what they do not have and that there can be no discovery violation when a party fails to produce documents it

3

does not possess. Yet, Smith does not withdraw the motion to compel, which would have been the appropriate recourse. Instead, in her reply brief, Smith states that she proposes to amend her complaint "to allege the appropriate causes of action regarding the City's document retention policy" and that she contemplates filing a motion to amend after the Court rules on Defendants' pending motion for summary judgment. At the end of her reply, Smith "asks the Court, in light of Defendants' response to the motion to compel, to consider[,] when filed[,] her motion to amend the complaint to allege causes of action relevant to document retention and the destruction of evidence . . . ." [Doc. No. 75, p. 2.]

### **Analysis**

With respect to the motion to compel, the Court denies it first because the Court cannot compel a party to produce what it does not possess. *See* Sonnino v. Univ. of Kan. Hosp. Auth., No. 02-2576-KHV-DJW, 2004 WL 764085, at *1 n. 2 (D. Kan. Apr.8, 2004) (Fed. R. Civ. P. 34 imposes a duty on the responding party to produce only those documents that are in its "possession, custody or control.")

Second, the Court denies the motion because Smith fails to convince the Court that she attempted to review and obtain the documents in a timely manner, i.e., close in time to Defendants' July 2005 response that Plaintiff could arrange a convenient time to review the responsive materials. Plaintiff's counsel's unsworn argument, without more, is unpersuasive, especially here where Defendants provided affidavit testimony that Plaintiff did not follow up in attempting to review the requested information until about December 2005, four to five months after Defendants served their discovery responses on Smith. Had Smith timely pursued a review of the documents, she would have known about the City's retention policy much earlier and could either have filed an appropriate motion or determined there was no basis for a motion to compel.

Third, Smith failed to demonstrate that she made a good faith effort to avoid filing this motion as required by Fed. R. Civ. P. Rule 37(a)(2)(A). In her motion, she stated she made good-faith efforts to avoid having to seek a ruling from the Court on this matter. In so averring, Smith cited to several exhibits, yet there is no exhibit attached, indicating she attempted to resolve this matter with the City after the City informed her by letter, dated February 8, 2006, that it had no additional responsive materials to produce. Had Smith actually conferred in good faith with Defendants' counsel, this motion would not have been filed. *See* Hoelzel v. First Select Corp., 214 F.R.D. 634 (D. Colo. 2003) ("to confer" under Rule 37 means more than making a demand for compliance; it means "to hold a conference, compare views; consult together").

Finally, Smith's failure to voluntarily withdraw this motion, upon yet again receiving information from Defendants that they had no information to produce, is inexcusable and unnecessarily required the Court devote its attention to a baseless motion. Moreover, a reply brief in support of a motion to compel, is not the proper vehicle in which to request that the Court consider whether to permit Plaintiff to file a possible motion to amend the Complaint. The Court also observes that not only would a motion to amend be untimely at this late stage of the litigation (where there is a pending motion for summary judgment and a trial setting), the motion would have to be presented to the presiding judge.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Discovery [Doc. No. 62] is DENIED.

*[signature]*
Lorenzo F. Garcia
Chief United States Magistrate Judge

5